802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Robert VAN HORN, Defendant-Appellant.
 No. 85-1221.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1986.
 
 Before LIVELY, Chief Judge; MILBURN, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant perfected this appeal from his conviction pursuant to jury verdict under an indictment charging him with having caused to be delivered by mail an explosive and inflammable device in violation of 18 U.S.C. Sec. 1716.
 
 
 2
 The circumstances leading to the indictment are briefly summarized. On December 19, 1983, parole and probation officer Robert Kosfkay received a package in the mail at his office. It contained a pipe aunpowder bomb wired to be detonated upon opening. However, no explosion occurred upon opening. Kosfkay gave a list of ten or twelve possible suspects to police, including appellant Van Horn whom Kosfkay had supervised as a parolee and who was listed by him as a suspect due to his "institutional adjustment." At trial a government handwritinor expert made a positive match between a sample of a Van Horn's handwriting and that on the bomb package, although admitting on cross examination that some "variations" existed between the two.
 
 
 3
 Van Horn's two sisters, Joann Van florn and Joyce Sexton testified for the government. Ms. Van Horn testified that he had said he would get rid of his parole officer and that he could send a bomb arid get rid of him. She believed the handwriting on the package to be his, as did Ms. Sexton. Ms. Sexton also testified that Van Horn denied sending the bomb to his parole officer and then stated that it was meant for Joann's boyfriend. Over Van Horn's objection, the government was allowed to read into evidence a portion of the grand jury testimony of Evelyn Van Horn, the appellant's mother, who had died shortly after the indictment was returned. In that testimony she testified that Van Horn had stated to her that he was going to get rid of his parole officer, that he would send a package ttirough the mail and she would read about it in the papers in December. The testimony included her further statements that Van Horn once exploded gunpowder on her couch, and that when she talked to him after his arrest Van Horn told her the package was meant for some one else; that he laughed at her accusation that he had sent the bomb, but that he did not deny sending it. Five ignition terminals that had tool marks identical to those on the terminal of the bomb, three Christmas light bulbs similar to the one used as the igniter in the bomb, electrical tape and a cartrage containing gunpowder found in Van Horn's residence were received in evidence.
 
 
 4
 I. The Admission of Evelyn Van Horn's Grand Jury Testimony.
 
 
 5
 This testimony was admitted pursuant to Fed. R. Evid. 804(b)(5):
 
 
 6
 [a] statement not specifically covered by any of the foregoing exceptions ... but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence ....
 
 
 7
 In applying this rule to the admissibility at trial of grand jury testimony, the Sixth Circuit has held that the witness mist be unavailable for trial and that the requisite "circumstantial guarantees of trustworthiness" should be present as determined by a consideration of:
 
 
 8
 the declarant's relationship with both the defendant and the gover ment, the declarant's motivation to testify before the grand --jury, the extent to which the testimony reflects the declarant's personal knowledge, whether the declarant has ever recanted testimony, and the existence of corroborating evidence available for cross-examination.
 
 
 9
 U.S. v. Barlow 693 F.2d 954, 952 (6th Cir. 1982), cert. denied, 461 U.S. 945 (1983). The court also stressed that other factors bearing on whether the "purposes of (the rules of evidence] and the interest of justice will best be served" by admissibility, Fed. R. Evid. 804(b)(5)(C), may be considered. These include the reasons for the witness's unavailability and the subject matter of the evidence. "If, for example, the testimony is direct evidence of guilt or critical proof of guilt, we believe that other factors, such as corroboration ..., must weigh heavily in favor of admissibility. On the other hand, if the evidence goes to a coUateral matter or is circumstantial or cumulative evidence, we believe that the other factors need not be as strong." Id. at 962-63.
 
 
 10
 We do not consider the factors relied upon by Van Horn in contending that the "circumstantial guarantees of trustworthiness" were not meant to be persuasive. He and the grand jury witness may not have been on the best of terms, but the fact remains that she was his mother, and the testimony was in no regard inconsistent with the circumstantial evidence. It should further be noted that Van Horn failed to preserve an objection to the trustworthiness of his mother's testimony, a prerequisite to reversible error under Fed. R. Evid. 103. Althouah we further conclude that the admission of this testimony did not violate Van Horn's Sixth Amendment right to confrontation, the record again discloses that Van Horn failed to preserve an objection on this score. See U.S. v. Gibbs, 739 F.2d 838 (3d Cir. 1984) (en banc), cert. denied, 105 S. Ct. 779 (1985). Since the record established Evelyn Van Horn's intervening death, her Li navailability was conclusively established.
 
 
 11
 II. The Alleged Amendment of the Indictment.
 
 
 12
 Count I of the indictment charged that Van Horn "did knowingly cause to be delivered by mail ... an explosive and inflammable device .... " in violation of 18 U.S.C. fl716. The section provides for a $10,000 fine, or a twenty year sentence, or both for "whoever knowingly deposits for mailing or delivery, or knowingly causes to be delivered by mail ... anything declared nonmailable, by this section ... with intent to kill and injure ...." The trial judge read the indictment to the jury and instructed on the elements of the offense, and stated:
 
 
 13
 The first element that makes Lip this offense is that the defendant did deposit in the mails or cause to be de ted in the mails or caused to be d vered, as the statute says, a package .... (emphasis added).
 
 
 14
 Van Horn argues that this jury instruction impermissibly amended the indictment which only charged him with knowingly catsing the bomb to be dellivered by mail. He asserts that the two provisions of fl716 regarding deposit and delivery are distinct and articulate two separate offenses, citing Murra v. United States, 247 F. 874 (4th Cir. 1917) and U.S. v. Oliver, 766 F.2d 252 (6th Cir. 1985), in which Oliver was indicted for knowingly depositing in the mail a threat to injure. flowever, in Oliver the material deposited in the mail was never delivered, so that the distinction between "deposit" and "delivery" was relevant, a situation which of course does not prevail in the present case. Even had this been erroneots, it would not have here been cognizable in view of Van Horn's failure to interpose an objection. Rule 30, Fed. R. Crim. P.
 
 
 15
 The judgement of conviction is affirmed.